[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 27, 2010
JOHN LEY
CLERK

No. 10-12153
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cv-00158-MP-AK

THEOLA HENDERSON,
o.b.o. N.T.

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(October 27, 2010)

Before BLACK, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Theola Henderson, on behalf of her minor grandson N.T., appeals the district court's order affirming the Social Security Commissioner's termination of N.T.'s supplemental security income benefits. The Commissioner had awarded N.T. benefits for the first nine years of his life, finding him disabled on account of a low birth rate and a disorder known as myasthenia gravis.[1] The Commissioner terminated these benefits after finding that N.T.'s health had improved such that he was no longer disabled. In reaching that determination, the Commissioner relied on the decision of an Administrative Law Judge ("ALJ"), who found, inter alia, that the combination of N.T.'s myasthenia gravis and borderline intellectual functioning did not meet the Impairment Listing for childhood mental retardation. See 20 C.F.R. § 416.994a(3)(ii). On appeal, Henderson argues that this finding is not supported by substantial evidence.[2]

Under Impairment Listing 112.05, mental retardation is generally "[c]haracterized by significantly subaverage general intellectual functioning with

---

[1] Myasthenia gravis is an immunological disorder of neuromuscular transmission, marked by fluctuating weakness, especially of the eye, face, and limb trunk muscles, that characteristically increases with activity.

[2] "[W]e review de novo the legal principles upon which the Commissioner's decision is based. However, we review the resulting decision only to determine whether it is supported by substantial evidence. Substantial evidence is less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (internal citations omitted).

deficits in adaptive functioning." 20 C.F.R. Pt. 404, Subpt. P, Appx. 1 § 112.05. For purposes of this appeal, the required level of severity is met when there is "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant limitation of function[.]" Id. § 112.05D.

Henderson argues that the ALJ erred by discrediting N.T.'s full scale IQ score of 67. But we have held that "[t]he ALJ is required to examine the [IQ test] results in conjunction with other medical evidence and the claimant's daily activities and behavior." Popp v. Heckler, 779 F.2d 1497, 1500 (11th Cir. 1986). And that is what the ALJ did in this case.

In discrediting N.T.'s IQ score, the ALJ found that the examiners administering the IQ tests specifically determined that, despite the results, a diagnosis of mental retardation was "not warranted." The ALJ also found that, even though the examiners suggested at one point that the tests were "likely to be a valid reflection of [N.T.'s] current abilities," they expressly recommended that he be re-tested in the future when he was more attentive and cooperative. In addition, the ALJ noted that N.T.'s reading achievement, oral and written language skills, and math skills were all in the average range. The ALJ also relied on N.T.'s live testimony that he played drums in the school band, did very well in

3

his martial arts class, was able to complete his homework, and got along with other kids in school. The record supports these findings. Moreover, we note that, despite being examined by several physicians, the record does not indicate that N.T. was ever diagnosed with mental retardation. Thus, the district court correctly found that the ALJ's decision was supported by substantial evidence.[3]

**AFFIRMED.**

---

[3] Because the record was sufficiently developed with respect to N.T.'s mental capacity, the ALJ was not required to order an additional IQ test. See Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1269 (11th Cir. 2007) ("The administrative law judge has a duty to develop the record where appropriate but is not required to order a consultative examination as long as the record contains sufficient evidence for the administrative law judge to make an informed decision.").